Peter POTENZA, Clifford Aversano, Plaintiffs–Appellants,

v.

CITY OF NEW YORK, Defendant–Appellee.

No. 01–9351.

United States Court of Appeals, Second Circuit.

April 23, 2004.

Appeal from the United States District Court for the Southern District of New York (Sidney H. Stein, J.).

Barbara Matthews, St. James, New York, for Plaintiffs–Appellants.

Drake A. Colley (Edward F.X. Hart), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York, for Defendant–Appellee, of counsel.

Present: KATZMANN, B.D. PARKER, Circuit Judges, and PRESKA, District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court be and hereby is **AFFIRMED IN PART.**

Plaintiffs Peter Potenza and Clifford Aversano appeal from a decision and order of the district court, granting the motion of the New York City Department of Transportation ("DOT") for summary judgment on their claims of national origin discrimi-

nation in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 and on Potenza's claims under the Family and Medical Leave Act ("FMLA") and the Rehabilitation Act of 1973. We address the FMLA issue in an accompanying *per curiam* opinion and dispose of the remainder of the claims in this summary order. The parties' familiarity with the facts and the law is assumed.

We review a district court's grant of summary judgment *de novo, see Smith ex rel. Estate of Smith v. Fed. Reserve Bank,* 346 F.3d 264 (2d Cir.2003), and "determine whether the record reveals the existence of any material issue of fact that would bar such relief." *Commercial Union Ins. Co. v. Alitalia Airlines, S.P.A.,* 347 F.3d 448, 456 (2d Cir.2003). We are particularly cautious in employment discrimination cases about affirming grants of summary judgment in favor of defendants. *See Mandell v. County of Suffolk,* 316 F.3d 368, 377 (2d Cir.2003) ("In discrimination cases where state of mind is at issue, we affirm a grant of summary judgment in favor of an employer sparingly because careful scrutiny of the factual allegations may reveal circumstantial evidence to support the required inference of discrimination.").

■ The district court granted summary judgment for the DOT on plaintiffs' claims of national origin discrimination because it found that they failed to meet their obligation under the third prong of the burden-shifting test derived from *McDonnell Douglas v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and that "there [was] little to no evidence that [plaintiffs'] removal was based upon their Italian ethnicity." We agree.

■ The district court also held that Potenza could not demonstrate that he was "disabled" under the meaning of the Rehabilitation Act. In order to establish a prima facie case under the Rehabilitation Act, the plaintiff must fulfill a tripartite test:

[P]laintiff must first show that [he] suffers from a physical or mental impairment. Second, plaintiff must identify the activity claimed to be impaired and establish that it constitutes a "major life activity." Third, the plaintiff must show that her impairment "substantially limits" the major life activity previously identified. In addition, the Supreme Court has recently clarified that the identified major life activity must be "of central importance to daily life."

*Weixel v. Bd. of Ed. of the City of New York,* 287 F.3d 138, 147 (2d Cir.2002) (internal citations omitted). In this case, Potenza alleged that injuries to his foot and knee substantially impaired his ability to perform his work and to walk. Although "major life activities" include both working and walking, 29 C.F.R. § 1630.2(h)(2)(i), Potenza cannot show that these life activities were "substantially limited" by his injury. When the major life activity involved is working, "substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3); *see also Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 491–92, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (discussing the meaning of "substantially limits" in the context of work). Likewise, the effect on a plaintiff's ability to walk must be fairly significant before he or she will be determined disabled. *See, e.g., Kelly v. Drexel Univ.,* 94 F.3d 102, 106 (3d Cir.1996) (observing that "both the regulations and the manual make clear that comparatively moderate restrictions on the walk are not disabilities"). Potenza's injury does not appear, from the evidence he

adduced, to have substantially affected his ability to perform his work and walk.

Finally, the district court did not err in rejecting the plaintiffs' pre–1999 claims on the grounds that they were time-barred and did not fall within the "continuing violation" exception to the time limits imposed by Title VII.

For these reasons, we affirm the district court's rejection of the plaintiffs' pre–1999 claims and its grant of summary judgment to the DOT as to the plaintiffs' claims of national origin discrimination and as to Potenza's claim under the Rehabilitation Act

The judgment of the district court is therefore **AFFIRMED IN PART.**